UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAPHAEL PERKINS,

               Plaintiff,

          -against-

LIBERTY UNIVERSITY,

               Defendant.

25-CV-8821 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. By order dated January 23, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the amended complaint, and grants Plaintiff 30 days' leave to replead his claims in a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the most recently filed amended complaint, filed on January 18, 2026, which is the operative pleading. (ECF 37.)[1] Plaintiff, a Bronx resident, has been receiving disability benefits for the past 16 years, "due to a qualifying disability, which substantially limits major life activities." (*Id.* at 1.) He does not identify the disability or the manner in which it substantially limits his major life activities. Plaintiff is enrolled as a remote student at Liberty University, which is located in Lynchburg, Virginia. (*Id.*)

In March 2025, Plaintiff legally changed his name from Dexter J. Myles Jr. to Raphael Perkins. (*Id.* at 2.) In August 2025, Plaintiff sent Liberty University "official court

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

documentation" of his name change, in "compliance with its internal records and student account system." (*Id.*) At some later point, however, Liberty University "flagged" Plaintiff's account with a "fraud alert," without providing a clear explanation or opportunity to contest it. (*Id.*) Plaintiff "repeatedly attempted to resolve the matter," but he was unsuccessful in doing so. (*Id.*) Liberty University then blocked Plaintiff's enrollment and participation in academic programs; denied him access to the Financial Aid Office; banned him from campus and university events; failed to "provide reasonable accommodations" for his disability; and withheld "tuition refunds and financial aid payments," causing Plaintiff "financial hardship and bills, including risk of utility shut-offs." (*Id.*) According to Plaintiff, these events "constitute deliberate or reckless indifference to his rights" under the ADA and the Rehabilitation Act, causing ongoing emotional distress, "disruption of academic progress, and financial harm." (*Id.* at 3.)

The amended complaint does not request any specific relief. Plaintiff has, however, filed a number of motions seeking emergency injunctive relief. (ECF 16, 23, 40.) In the most recently filed emergency motion, filed on January 17, 2026, Plaintiff seeks an order from this Court directing Liberty University to: (1) immediately issue Plaintiff a Bachelor of Science degree in Law & Policy; and (2) disburse all withheld funds credited to Plaintiff's account (approximately $5,000). Plaintiff requests *pro bono counsel.* (ECF 21.) He has also motions to serve the complaint. (ECF 42, 43.)

## DISCUSSION

Plaintiff alleges that Liberty University violated the Rehabilitation Act and Title III of the Americans with Disabilities Act ("ADA"). Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). Title

3

III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001) (footnotes omitted). The substantive standards for claims under the ADA and the Rehabilitation Act are substantially the same, *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016), although a claim under the Rehabilitation Act must be supported by evidence that the benefit is part of a "program or activity receiving Federal financial assistance," *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).[2]

Plaintiff fails to state a claim under Title III of the ADA and the Rehabilitation Act. Although Plaintiff states that he is disabled, he neither identifies his disability nor sets forth any facts showing that his alleged disability "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see Bragdon v. Abbott*, 524 U.S. 624, 637-39 (1998) (concluding that asymptomatic human immunodeficiency virus, or HIV, is covered by the ADA because it "substantially limits" the person's ability to reproduce, which is a "major life activit[y]"). In the same vein, Plaintiff alleges that Defendants failed to "provide reasonable accommodations," (ECF 1 at 2), but he does not provide facts showing that Defendant denied his request for a reasonable accommodation related to his disability. Plaintiff's conclusion that his request for accommodation was "reasonable" is the kind of "[t]hreadbare recital[] of the elements of a cause

---

[2] Private universities are considered places of public accommodation. 42 U.S.C. § 12181(7)(J). The Court will assume without deciding that Liberty University receives federal funding, although Plaintiff does not make any allegations about this.

of action" that the Court need not accept at the pleading stage. *Iqbal*, 556 U.S. at 678. To the extent that Plaintiff seeks to show that Liberty acted with discriminatory intent by denying him a reasonable accommodation, he fails to allege that he requested an accommodation or describe the nature of the requested accommodation. *See* 42 U.S.C. § 12182(b)(2)(A)(ii); *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012) ("Reason dictates that in order for a defendant to be liable for discrimination 'on the basis of disability,' 42 U.S.C. § 12182(a), the defendant must have had adequate knowledge of the plaintiff's disability."). He therefore fails to state a plausible "reasonable accommodation" claim under Title III of the ADA or the Rehabilitation Act.

Additionally, even assuming that Plaintiff is disabled, he has not alleged facts that could give rise to an inference that he was denied participation in programs because of his disability. On the contrary, Plaintiff supplies a different rationale for what occurred. Plaintiff alleges that after he submitted proof to Liberty University that he legally changed his name, the university put a "fraud alert" on his accounts and suspended his participation in school programs. (ECF 1 at 2.) These facts suggest that Liberty University froze his accounts due to his name change, and not because of his disability. For all these reasons, the facts alleged in the amended complaint do not give rise to viable claims under either the ADA or the Rehabilitation Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend hiscomplaint to detail his claims.

**SUPPLEMENTAL JURISDICTION**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**MOTIONS**

**A.     Emergency motions**

Plaintiff has filed motions and other documents requesting preliminary injunctive relief. (ECF 16, 32, 40.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted);

6

*Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff has not provided sufficient facts to state a claim under the ADA or the Rehabilitation Act. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's motion for emergency relief is denied without prejudice.

**B.      Motion for counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. In light of the foregoing, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

All other pending motions are denied without prejudice.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court denies all pending motions without prejudice, and the Clerk of Court is directed to terminate them.

7

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 29, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

8