UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAPHAEL PERKINS,

                    Plaintiff,

          -against-

LIBERTY UNIVERSITY,

                    Defendant.

25-CV-8821 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

On January 18, 2026, Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed an amended complaint of his own accord, not in response to a court order. (ECF 37.) By order dated January 29, 2026, the Court dismissed the amended complaint for failure to state a claim on which relief may be granted,[1] with 30 days' leave to replead, and denied Plaintiff's motion for a temporary restraining order and a preliminary injunction. (ECF 53.) Since then, Plaintiff has filed multiple amended complaints and supporting documents (ECF 55, 58-60, 62, 63, 65-72, 76, 83-85); two motions for leave to file a second amended complaint and supporting documents (ECF 77-79, 86-89); and motions for emergency injunctive relief and an expedited order of service and supporting documents (ECF 56, 61, 67, 68 73, 74).

The Court grants the motions for leave to file a second amended complaint. Plaintiff is directed to file only ONE second amended complaint that contains all of the facts and claims that he wishes to assert against Defendant.[2] The second amended complaint will replace, not

---

[1] In that order, the Court explained that, pursuant to 28 U.S.C. § 1915(e)(2)(B), an IFP complaint is subject to screening and must be dismissed if it fails to state a claim on which relief may be granted. (ECF 56 at 1.)

[2] Plaintiff is not required to provide any attachments, because all the Court requires from him at this stage is a clear and concise summary of the facts showing that he is entitled to relief

supplement, all of the prior complaints. The Court denies without prejudice the motion for emergency injunctive relief. As explained in the January 29, 2026 order, Plaintiff has failed to show that he is entitled to such relief.

Additionally, the Court denies the motion for an expedited order of service. As previously explained, Plaintiff's IFP complaint is subject to screening under 28 U.S.C. § 1915(e)(2), and it would be "premature to order service" before the Court fulfills that statutory obligation. *McClellon v. Lemonade Ins. Co.*, No. 24-CV-8617 (LTS), 2025 WL 2988498, at *1 (S.D.N.Y. Sept. 11, 2025). The Court therefore denies Plaintiff's motion for an expedited order of service.

## CONCLUSION

The Court grants Plaintiff leave to file ONE second amended complaint that complies with the January 29, 2026 order and this order. Plaintiff must submit the second amended complaint within 30 days of the date of this order. No summons will issue at this time. If Plaintiff fails to comply, the complaint will be dismissed for the reasons set forth in the January 29, 2026 order and this order. The Court denies the other motions. The Clerk of Court is directed to terminate all pending motions.

Dated:    March 5, 2026
      New York, New York

                              *Louis L. Stanton*
                                    Louis L. Stanton
                                      U.S.D.J.

---

from Defendant pursuant to the statutes he invokes. Any attachments Plaintiff wishes to include must be attached to the second amended complaint, and not submitted separately.