UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAPHAEL PERKINS,

                          Plaintiff,

              -against-

LIBERTY UNIVERSITY,

                          Defendant.

---

No. 25 Civ. 8821 (MMG) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge:

Plaintiff Raphael Perkins ("Plaintiff"), filed a complaint on October 22, 2025, alleging that Defendant Liberty University ("Liberty"), discriminated against him on the basis of his disabilities in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182(a) ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (the "Rehabilitation Act").  (Dkt. No. 1 (the "Complaint")).  On January 23, 2026, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP").  (Dkt. No. 45).

Between November 7, 2025 and January 18, 2026, Plaintiff amended the Complaint seven times.  (Dkt. Nos. 5; 6; 8; 9; 31; 34; 37).  On January 29, 2026, then-presiding Judge Stanton deemed the amended complaint filed on January 18, 2026 (Dkt. No. 37) as the operative pleading but dismissed it with leave to replead for failure to state plausible claims under the ADA or the Rehabilitation Act.  (Dkt. No. 53).  Between January 30, 2026 and March 6, 2026, Plaintiff continued to amend his pleadings and filed multiple motions and other documents.  (Dkt. Nos. 54–89).  On March 6, 2026, Judge Stanton instructed Plaintiff to file a single amended complaint with any attachments he wished the court to consider.  (Dkt. No. 90).  Despite these instructions, Plaintiff continued to file pleadings and other documents, including motions for leave to correct

his pleadings.  (See Dkt Nos. 100–122).  Because the amended complaint Plaintiff filed on March 16, 2026 (Dkt. No. 100) appears to be the most comprehensive of the pleadings Plaintiff filed after Judge Stanton's March 6, 2026 Order, the Court designates that as the operative pleading (the "Amended Complaint")).  On March 30, 2026, this action was reassigned to the Honorable Margaret M. Garnett, who has referred this action to the undersigned for general pre-trial supervision.  (Dkt. Entry dated Mar. 30, 2026; Dkt. No. 123).

## I. **FACTUAL BACKGROUND**

We summarize the facts Plaintiff alleges in the Amended Complaint.  (Dkt. No. 100).  Plaintiff, who receives disability benefits, was enrolled as a remote student at Liberty.  (Id. at 2).  On March 25, 2025, pursuant to an order from Bronx County Civil Court (the "Bronx Court Order"), Plaintiff legally changed his name from Dexter Myles to Raphael Perkins.  (Id. at 2; 100-1 at 5).  Plaintiff submitted the Bronx Court Order to Liberty, which received and accepted it as proof of his name change.  (Dkt. No. 100 at 2–3; see Dkt. No. 100-1 at 1).  On August 19, 2025, Liberty issued a "verification letter confirming Plaintiff as a full-time senior" due to graduate in December 2025.  (Dkt. No. 100 at 2; Dkt. No. 100-1 at 11).  Three days later, in an email addressed to "Dexter," Liberty informed Plaintiff that an "internal audit . . . identified . . . conflicting information" in his records, and that his account had been suspended.  (See Dkt. No. 100-1 at 7).  Liberty returned Plaintiff's federal financial aid funds to the government, "dropped" Plaintiff from his classes, and "deactivated" his access to student services.  (See id.)  Plaintiff asserts that Liberty essentially accused him of fraud and that the fraud allegation arises from his name change, although the documents he submits do not explain why his account was suspended.  (Dkt. No. 100 at 2; see Dkt. No. 100-1).

2

The United States Department of Education's Office of the Inspector General ("OIG") concluded that there was "no federal fraud . . . detected" on Plaintiff's account and "officially closed" the investigation into Plaintiff's case in September 2025.  (Dkt. No. 100-1 at 19–22). Notwithstanding Plaintiff's repeated efforts to resolve the matter with Liberty, Liberty "administratively withdrew" him," and he was not permitted to enroll for the Fall 2025 semester and graduate in December.  (Dkt. No. 100 at 4–5).

In addition to the claims asserted under the ADA and the Rehabilitation Act, Plaintiff asserts state law claims of defamation, breach of contract, and intentional infliction of emotional distress, and seeks declaratory and injunctive relief and money damages of over $182,000.00. (Dkt. No. 100 at 4–6).

## II. DISCUSSION

### A.   Federal Claims

The Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).[1]  In the Amended Complaint, Plaintiff alleges that Liberty failed to provide reasonable accommodation for his disabilities in violation of the ADA and the Rehabilitation Act, both federal statutes.  (See Dkt. No. 100 at 5).  Accordingly, it appears that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### B.   State Law Claims

The Amended Complaint also alleges facts that arguably give rise to claims arising under state law, and it appears that this Court has diversity jurisdiction over this action. To establish

---

[1] Internal citations and quotations are omitted from case citations unless otherwise indicated.

jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states.  Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998).  In addition, the plaintiff must allege to a "reasonable probability" that the claimed damages exceed $75,000.00.  See 28 U.S.C. § 1332(a); Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006).  Here, there appears to be complete diversity of citizenship between the parties as Plaintiff resides in Bronx, New York, and Liberty is located in Lynchburg, Virgina.  (Dkt. No. 100 at 1).  Plaintiff alleges, to a reasonable probability, that the damages he seeks exceed the statutory jurisdictional amount.  (Id. at 6).  Finally, he alleges facts that arguably give rise to claims arising under state law.  (Id. at 2–5).  Accordingly, in addition to Plaintiff's federal disability discrimination claims, we construe the Amended Complaint as asserting state law claims that give rise to diversity jurisdiction.

C.     **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service to effect service.[2]  Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (requiring court to direct Marshals to serve if plaintiff is IFP).

To allow Plaintiff to effect service on Liberty through the Marshals, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

285 form") for Liberty.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals all the paperwork necessary for the Marshals to effect service on Liberty.

If the Amended Complaint has not been served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service).

Plaintiff must also notify the Court in writing if his address changes, and the Court may dismiss the action for failure to prosecute if Plaintiff fails to do so.

**D.      Further Filings by Plaintiff**

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  Littlejohn v. Artuz, 271 F.3d 360, 362 (2d Cir. 2001).  It is appropriate to deny leave to amend, however, for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603 (2d Cir. 2005).

To avoid prejudice to Liberty while the period for service of the summons and Amended Complaint is pending, Plaintiff shall **not** file any new pleadings or supporting documents, and the Court may strike any such documents.  Should Plaintiff intend to amend the Amended Complaint further, he may not seek leave to do so until after: (1) Liberty is served with the Amended Complaint; (2) Liberty files an answer or otherwise responds to the Amended Complaint; and (3) the Court notifies Plaintiff that he may file a motion to amend consistent with Rule 15.  The Court will **not** consider any amended complaints that Plaintiff files before such time.  Once service is

complete, the Court will hold a telephonic conference with the parties to discuss the next steps in this litigation.

**E.**     **Referral to the City Bar Justice Center**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases.  The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email ([fedprosdny@nycbar.org](mailto:fedprosdny@nycbar.org)).  In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10 a.m. to 4 p.m.  Appointments are also available remotely Monday through Friday, 10 a.m. to 4 p.m.

### III. CONCLUSION

The Clerk of Court is instructed to: (1) issue a summons for Liberty, complete the USM-285 form with the address for Liberty, and deliver to the U.S. Marshals Service all documents necessary to effect service; (2) terminate all pending motions; and (3) mail a copy of this order to Plaintiff, together with an information package.

The Court directs Plaintiff **not** to file any new amended complaints until after: (1) Liberty is served with the summons and Amended Complaint; (2) Liberty files an answer or otherwise

responds to the Amended Complaint; and (3) the Court notifies Plaintiff that he may file a motion for leave to amend consistent with Rule 15.  The Court will **not** consider any amended complaints that Plaintiff files before such time and will hold a conference soon after service on Liberty is complete.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:   New York, New York
         April 1, 2026

_____
SARAH L. CAVE
**United States Magistrate Judge**

**SERVICE ADDRESS FOR DEFENDANT**

Liberty University
Office of Legal Affairs
1971 University Blvd.
Lynchburg, VA 24515