**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MEMO ENDORSED

**Raphael Perkins,** Plaintiff,

v.

**Liberty University, et al.,** Defendants.

**Case No. 1:25-cv-08821-MMG-SLC**

# PLAINTIFF'S LETTER MOTION FOR LIMITED VENUE-RELATED DISCOVERY

**Honorable Margaret M. Garnett and Honorable Sarah L. Cave:**

Plaintiff Raphael Perkins, proceeding pro se, respectfully requests an order permitting limited venue-related discovery before the Court rules on Defendants' Motion to Transfer Venue. In the alternative, Plaintiff respectfully requests that the Court deny the motion without prejudice pending completion of such discovery.

Defendants seek transfer based upon an alleged forum-selection clause. As the parties invoking that clause in support of transfer, Defendants have not made a sufficient factual showing on the present record that the clause was reasonably communicated to Plaintiff, that Plaintiff knowingly manifested assent to it, or that it governs the claims asserted in this action. The current record does not establish how the clause was presented, whether it was conspicuous, whether Plaintiff was required to affirmatively acknowledge it, or whether it applies to Plaintiff's statutory and other claims. Limited discovery is therefore appropriate before the Court determines whether transfer is warranted.

Plaintiff respectfully requests limited discovery concerning:

1. The complete Financial Check-In interface presented to Plaintiff for each relevant semester;
2. The location, formatting, font size, color, placement, and conspicuousness of the alleged forum-selection clause;
3. Whether Plaintiff was required to scroll through, click, check a box, or otherwise separately acknowledge the alleged forum-selection clause before completing Financial Check-In;
4. All electronic records concerning Plaintiff's alleged acceptance, including audit logs, clickstream data, timestamps, IP address logs, acknowledgment records, metadata, and any other electronically stored information reflecting assent;

5. All versions of the Financial Responsibility Agreement and/or Financial Check-In Agreement in effect during Plaintiff's enrollment; and
6. Internal records and communications relating to the August 2025 financial-aid hold, the September 2025 restoration of aid, account restrictions, and any related actions to the extent Defendants contend those actions are governed by, arise from, or relate to the alleged agreement containing the forum-selection clause.

Limited discovery is appropriate because the evidence concerning notice, assent, and the scope of the alleged forum-selection clause is largely within Defendants' exclusive possession. Without access to that evidence, the Court cannot fairly determine whether the alleged forum-selection clause is enforceable or whether it applies to the claims asserted in this case.

Accordingly, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion to Transfer without prejudice; or, alternatively,
2. Defer ruling on the motion pending completion of limited venue-related discovery; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Raphael Perkins**
Plaintiff, Pro Se

Plaintiff Raphael Perkins' ("Mr. Perkins") request at Dkt. No. 143 is **DENIED WITHOUT PREJUDICE**. Mr. Perkins has not shown that venue discovery is necessary at this time.

The Clerk of Court is respectfully directed to close Dkt. No. 143 and to mail a copy of this order to Mr. Perkins at the address below:

Raphael Perkins
2333 Webster Avenue
Apt. 2Q
Bronx, NY 10458

SO ORDERED. July 9, 2026.

SARAH L. CAVE
United States Magistrate Judge